IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2009 APR 20 AM 8: 47

CLERK OF COURT

BY _____

PEOPLE OF GUAM,                          )   CRIMINAL CASE NO. CF0050-09
                                         )
                       Plaintiff,        )
        vs.                              )
                                         )   **DECISION AND ORDER**
RAYMUNDO TORRES TEDTAOTO,                )   **(Motion to Suppress)**
(aka Raymond Torres Tedtaotao)           )
                                         )
                       Defendant.        )
                                         )

This matter came before the Honorable Elizabeth Barrett-Anderson on April 13, 2009 for a hearing on Defendant's Motion to Suppress. Assistant Attorney General Suzanne K. Horrigan represented the People. Appearing on behalf of Defendant was Attorney James L. Canto II. After reading the briefs and upon hearing the arguments, the Court took the matter under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

On January 29, 2009, at approximately 12:00 p.m., Officer John Aguon pulled over and stopped a vehicle in which the Defendant was a passenger. The stopped vehicle had been reported stolen, however, it is this Court's understanding that the police never suspected the Defendant of stealing the vehicle. At approximately 12:06 p.m. Officer Frank Lizama told Mr. Tedtaotao to step out of the vehicle. Subsequently, Officer Lizama verbally informed the Defendant of his Miranda rights and then transported the Defendant in a police vehicle to the Dededo Precinct Police Station (hereinafter "Precinct"). According to Officer Lizama's report, at approximately 12:35 p.m. he informed Mr. Tedtaotao of his Miranda rights again via the Custodial Interrogation Form and Mr. Tedtaotao declined to provide a statement. The timeline of events after that point are not clear as there are numerous inconsistencies found in the police reports related to the Defendant on that day. After reading the conflicting police reports, it is clear that the Defendant was detained, and transported beyond the immediate vicinity of the original detention, for anywhere between 32 minutes to 1.5 hours prior to his formal arrest in violation of 8 G.C.A. § 30.30.

1

## DISCUSSION

Just like the factual circumstances in *People v. Cundiff*,

> [t]he facts of this case are similar to the facts in *Dunaway v. New York*, 442 U.S. 2000 (1979), where police, without probably cause, took the defendant into custody, transported him to the police station and detained him for interrogation. *Id.* at 216. The Court held that the police officers' actions were unconstitutional, and held that 'detention for custodial interrogation – regardless of its label – intrudes so severely on interests protected by the Fourth Amendment...[that such] trigger[s] the traditional safeguards against illegal arrest.' *Id.*

2006 Guam 12, ¶ 22 (Sup. Ct. Guam 2006). Here Mr. Tedtaotao could not have reasonably believed he was free to leave, hence seized for Fourth Amendment purposes, when the Officer Lizama instructed Mr. Tedtaotao out of the vehicle, transported him in a GPD Patrol Vehicle to the Precinct, as well as during the time he was being investigated at the Precinct prior to his arrest. A "seizure made without a warrant is per se unreasonable unless it falls within the specifically established and well delineated exceptions". *Id.* at ¶ 26. Those exceptions are not found in the facts of this case.

Unlike *People v. Cundiff*, the Defendant argues that "any and all evidence obtained by the police officers must be deemed inadmissible in any criminal proceedings against Mr. Tedtaotao" because of the violation of 8 G.C.A. § 30.30. Def.'s Mot. to Suppress (Mar. 12, 2009) at p. 5. This Court does not believe based on the evidence that the People have satisfied their burden to prove that the officers had probable cause to seize, or in effect, arrest Mr. Tedtaotao at the scene of the investigatory stop. Pursuant to 8 G.C.A. § 30.40, if there was not probable cause to arrest, then after the permitted fifteen minute detention, Mr. Tedtaotao should have been released or asked to voluntarily submit to further questioning; but in no event should have been seized and transported to the Precinct for questioning. The search of his person was unlawful because there was no lawful arrest[1], no probable cause for the search, and no consent given. Furthermore, the People have failed to present independent evidence and the Court has found none that would "break the causal connection" between Mr. Tedtaotao's unlawful detention and arrest and the evidence obtained from his person at the time of the arrest. 2006 Guam 12 at ¶ 41.

---

[1] Additionally, while not argued extensively by the Defendant and not necessary for the current Motion to Suppress, this Court questions whether the eventual official arrest based on an identification by a "witness observ[ing] Mr. Tedtaotao by himself in a holding cell and asked if he is the one she observed 2 weeks ago" is a lawful arrest that could withstand the scrutiny of a motion to suppress under 8 G.C.A. § 20.35. Def.'s Mot. to Suppress (Mar. 12, 2009) at p. 2.

The search of the vehicle was separate and independent of Defendant's illegal detention and eventual arrest. *Rakas v. Illinois* is clear that a passenger in a vehicle who asserts neither a propriety nor a possessory interest in the vehicle has no legitimate right of privacy insofar as any search of the vehicle and therefore cannot vicariously assert Fourth Amendment rights. 439 U.S. 128 (1978). Since the search of the vehicle is not a direct violation of Defendant's rights, as he does not have standing to allege a Fourth Amendment violation, Defendant has no valid legal argument to suppress the evidence found inside the vehicle. This Court need not address whether or not the search of the vehicle was permissible.

## CONCLUSION

Based on the above, Defendant's Motion to Suppress is **GRANTED in part** and the People are **ORDERED** to suppress all evidence obtained by the police from Mr. Tedtaotao's person at any time on January 29, 2009 related to this case. Defendant's Motion to Suppress is **DENIED in part** regarding all evidence obtained by Officer Flores during the vehicle check.

This matter is ASSERTED. Defendant asserted on February 11, 2009. On February 24th the Court granted withdrawal of the Alternative Public Defender due to a conflict; time tolled. On March 6th Attorney Jaime Canto appeared as appointed counsel for Defendant; time resumed. On March 13th at hearing the Court was informed that a Motion to Compel Discovery and a Motion to Suppress Evidence were filed; time tolled. Defendant's Motion to Compel Discovery was **GRANTED** at hearing on April 13th. Effective issuance of this Decision speed trial time resumes.

JURY SELECTION and TRIAL is scheduled for May 13, 2009, at 1:30 p.m. A Trial Scheduling Order is issued concurrent with this Decision.

**IT IS SO ORDERED** this 20th day of April 2009.

_____
**HONERABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam


I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam.

APR 20 2009

Carl P. Perez
Deputy Clerk, Superior Court of Guam

3